COTY PROCESSING CO., INC., ET AL. *v.* UNITED STATES

**No. 5276.**—Invoices dated Suresnes, France, May 15, 1937, etc.
  .  .  Certified May 18, 1937, etc.
      Entered at New York May 27, 1937, etc.
      Entry No. 879315, etc.

(Decided May 22, 1941)

*James W. Bevans* for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between Charles D. Lawrence, Acting Assistant Attorney General, attorney for defendant, and James W. Bevans, Attorney for plaintiffs, subject to the approval of the Court, that the merchandise covered by the reappraisements enumerated in the attached schedule consists of bottles and pots similar in all material respects to the merchandise that was the subject of *United States* v. *Guerlain, Inc.*, C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchandise, covered by the reappraisements enumerated in the attached schedule, is the same as the issue involved in the case of *United States* v. *Guerlain, Inc., supra.*

It is further stipulated and agreed that:

(a) As to the bottles and pots from SOCIETE RALLET, the invoice units prices, plus 5%, plus cases and packing are equal to the costs of materials, fabrica-

tion, manipulation, or other process employed in manufacturing or producing such merchandise, plus the usual general expenses in the case of such or similar merchandise (not less than 10 per centum of the costs of materials, fabrication, manipulation, or other process employed in the manufacturing and producing of such merchandise) plus the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in packed condition ready for shipment to the United States, and plus an addition for profit (not less than 8 per centum) equal to the profit which ordinarily is added to the cost of merchandise of the same general character by manufacturers or producers in the country of manufacture of merchandise of the same class or kind.

(b) As to all other bottles and pots, the invoice unit prices plus cases and packing are equal to the costs of materials, fabrication, manipulation, or other process employed in manufacturing or producing such merchandise plus the usual general expenses in the case of such or similar merchandise (not less than 10 per centum of the costs of materials, fabrication, manipulation, or other process employed in manufacturing and producing said merchandise), 'plus the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in packed condition ready for shipment to the United States, and plus an addition for profit (not less than 8 per centum) equal to the profit which ordinarily is added to the cost of merchandise of the same general character by manufacturers or producers in the country of manufacture of merchandise of the same class or kind.

It is further stipulated by the undersigned, counsel for plaintiffs, that he has personally examined the reappraisements covered by this stipulation and of his own knowledge certifies that said reappraisements have been properly signed and filed in time.

The appeals for reappraisement are waived as to all merchandise, except bottles and pots, and they are submitted on this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402·(f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are as follows:

As to the bottles and pots from Societe Rallet, the invoice unit prices, plus 5 per centum, plus cases and packing.

As to all other bottles and pots, the invoice unit prices, plus cases and packing.

The appeals having been waived insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.